LEON COHEN et al., Individually and on Behalf of All Members of Empire State Motion Picture Operators' Union, Inc., Appellants, v. EMPIRE STATE MOTION PICTURE OPERATORS' UNION, INC., et al., Respondents.— Derivative action to set aside the admission of certain members into the Empire State Motion Picture Operators' Union, Inc., and to set aside the election of certain officers; also to set aside an agreement to pay certain sums to certain individuals. Appeal by plaintiffs from judgment dismissing the complaint on the merits, and from an order granting defendants' motion for an extra allowance. Defendants heretofore moved to dismiss the appeal on the ground that the questions involved had become academic. That motion was denied on October 2, 1944, with leave to renew on the argument of the appeal. The motion accordingly was renewed and is now before us. The undisputed proof is that the acts of which complaint is made by plaintiffs in respect of the election of certain individuals as members of the Union, and the election of certain individuals as officers of the Union, have been validated at subsequent meetings of the Union under validly adopted constitutional provisions. It further appears, without dispute, that the agreement to pay over certain sums of money, which plaintiffs attack, has been rescinded, and that it likewise has been the subject of an adjudication that it is void. Accordingly, the questions involved in this appeal have become academic. The motion to dismiss the appeal is granted, with ten dollars costs, and the appeal from the judgment and order is dismissed, without costs. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [See 269 App. Div. 667.]

HENRY CORDY, Respondent, v. PUBLIC AUTO DELIVERY, INC., Appellant.— Action to recover damages for personal injuries claimed to have resulted from the negligence of an employee of defendant in striking with a hammer the metal rim of a truck tire which was being put on by the plaintiff, an employee of a gasoline station, causing the tire to explode and injure plaintiff. Judgment in favor of the plaintiff reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs, upon the ground that the plaintiff failed to establish any actionable negligence on the part of the employee of the defendant. The record shows that it was common practice to use a hammer in the replacement of a tire and rim under the circumstances of the case. Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur.

CORN-KELLY CORPORATION, Appellant, v. CITY OF NEW YORK, Respondent.— Order denying motion of appellant for permission to serve a second amended complaint affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.